# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KENNETH LAMONT DAVIS,

                Petitioner,

    v.

STEVEN SMITH, Warden,

               Respondent.

Case No. 5:25-cv-01858-SPG-AGR

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, (ECF No. 1 ("Petition")); the other records on file herein; the Report and Recommendation of the United States Magistrate Judge, (ECF No. 4 ("Report")); and Petitioner Kenneth Lamont Davis's Objections to the Report, (ECF No. 8 ("Objections")). Further, the Court has engaged in a de novo review of those portions of the Report to which objections have been made. The Court accepts the findings and recommendation of the Report.

    In addition to the Objections, Petitioner has moved for discovery and an evidentiary hearing. *See* (Objections at 6–8). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In a habeas action, a court "may, for good cause, authorize a

party to conduct discovery." Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts.  To show good cause, a petitioner must demonstrate that "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 909.  Although Petitioner states that he seeks discovery, he concedes that the requested recording of his interview with police is already in his possession. *See* (Objections at 7). Thus, Petitioner has not shown good cause for discovery and the requested discovery is not essential to develop his grounds for relief.  Moreover, an evidentiary hearing is unwarranted because Petitioner's factual allegations would not entitle him to habeas relief for the reasons explained in the Report. *See Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007).

**IT THEREFORE IS ORDERED** that judgment be entered denying the Petition for Writ of Habeas Corpus and dismissing this action with prejudice.

DATED: January 5, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE